**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**WILEY ZACHARY CARROLL, #71373**                                 **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 4:11-cv-69-CWR-FKB**

**MAJOR MIZE, et al.**                                 **DEFENDANTS**

**ORDER OF PARTIAL DISMISSAL**

This cause is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff, Carroll, an inmate of the Mississippi Department of Corrections (MDOC), filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Major Mize, Sergeant Holcome, G.E.O., Captain Thomas, Captain Rivera, and Officer Linny Harris. Plaintiff asserts claims regarding the conditions of confinement at the East Mississippi Correctional Facility, Meridian, Mississippi. As directed by an order [7] of this Court entered on May 10, 2011, Plaintiff has filed a response [9]. Having reviewed the complaint [1] and response [9], the Court has come to the following conclusions.

Analysis

This Court finds that at this stage of the screening process Plaintiff has stated an arguable claim against Defendants Major Mize, Sergeant Holcome, Captain Thomas, Officer Linny Harris and Captain Rivera. However, as discussed below, Plaintiff cannot maintain this § 1983 civil action against Defendant G.E.O/E.M.C.F[1].

There are no facts asserted that Defendant G.E.O./E.M.C.F. affirmatively participated in the acts that caused the alleged constitutional deprivation or that this Defendant implemented unconstitutional policies that caused Plaintiff's injury. *Mouille v. City of Live Oak, Tex.*, 977 F.2d

---

[1]East Mississippi Correctional Facility (EMCF) is the prison that The GEO Group, Inc. operates in Meridian, Mississippi. These two defendants, EMCF and The GEO Group, Inc., are one in the same.

924, 929 (5th Cir. 1992). According to the allegations of the Response [9], Plaintiff is pursuing this action against Defendant G.E.O./E.M.C.F. because it employs the officials who allegedly violated his constitutional rights. Since the complaint is brought pursuant to 42 U.S.C. § 1983, Defendant G.E.O./E.M.C.F. cannot be held liable for the actions of an employee under a respondeat superior theory of liability. *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978). Consequently, Plaintiff is unable to maintain this action against Defendant G.E.O./E.M.C.F. Accordingly, it is

**ORDERED AND ADJUDGED**,

1. That the G.E.O./E.M.C.F. is dismissed with prejudice as a Defendant in this case.

2. That the Court notes that a separate order [10] directing summons to issue for the remaining Defendants was entered on June 27, 2011. Plaintiff is warned that his failure to keep this Court advised of his current address or his failure to timely comply with any order of the Court will result in the dismissal of this case.[2]

SO ORDERED, this the 28th day of June, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] *See Kirkley v. Sparkman*, 3:10cv00577-CWR-LRA [Docket No. 10].